IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DENNIS E. ABBOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV05-318-S-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| OLIVIA CRAVEN ROBIN SANDY, DEL RAY HOLM, BUD BRINEGAR, JANIE DRESSEN, and MIKE MATTHEWS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court in this civil rights case are Defendants' Motion for Summary Judgment (Docket No. 32), Plaintiff's Motion to Augment the Record (Docket No. 41), Plaintiff's Motion to Strike (Docket No. 44), and Plaintiff's Motion to Amend or Correct Amended Complaint (Docket No. 46). The Motions are now fully briefed. After a review of the record, the Court concludes that oral argument is unnecessary. Accordingly, having considered the arguments of the parties, the Court enters the following Order.

**MEMORANDUM ORDER  1**

## PRELIMINARY MOTIONS

**A.     Plaintiff's Motion to Augment the Record (Docket No. 41)**

Plaintiff wishes to augment the record with law and evidence supporting his argument that his sentence should be deemed a thirty-year sentence, rather than a forty-year sentence.  The Court previously informed Plaintiff that he could not pursue reduction of sentence or miscalculation of sentence claims in a civil rights action (Claims 3(a) and (b)) unless he first successfully made that argument in his criminal case or in a habeas corpus action. *See Order of March 27, 2006* (Docket No. 20).  Accordingly, Plaintiff's Motion to Augment shall be denied.

**B.     Plaintiff's Motion to Strike (Docket No. 44)**

Plaintiff has requested that the Court strike Defendants' Notice of Supplemental Authority.  Defendants notified the Court of an Idaho Court of Appeals decision relevant to the questions at issue in this case, *Dopp v. Idaho Commission of Pardons and Parole*, 2007 WL 1501589 (Idaho Ct. App. 2007).  Plaintiff complains that it is not yet final.  The opinion has since been made final.  *See Dopp v. Idaho Commission of Pardons and Parole*, 144 Idaho 402, 162 P.3d 781 (Idaho App. 2007).  Accordingly, the Motion to Strike shall be denied.

**C.     Plaintiff's Motion to Amend or Correct Amended Complaint (Docket No. 46)**

Plaintiff wishes to amend the prayer of his Amended Complaint to include requests for various remedies not previously included.  Plaintiff's Motion shall be granted, with the exception of his request to obtain any express or implied ruling that his sentence is

**MEMORANDUM ORDER  2**

less than forty years, as that is precluded by *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), and *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

## MOTION FOR SUMMARY JUDGMENT

**A.     Standard of Law**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party. To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; *see T.W. Electric Serv.*, 809 F.2d at 630 (internal citation omitted).

**MEMORANDUM ORDER  3**

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

**B.   Background**

In 1986, Plaintiff was convicted of first degree burglary and sentenced to a fifteen-year indeterminate sentence. He was also convicted of lewd and lascivious conduct with a minor, for which he received an indeterminate life sentence. The state court resentenced Plaintiff to a forty-year indeterminate sentence on the lewd conduct conviction in 1988, and it made only technical changes to the sentence in 1989. Plaintiff was released on parole in 1998, but was reincarcerated three years later after a parole

**MEMORANDUM ORDER  4**

violation. On January 7, 2003, the parole board denied Plaintiff parole and passed him to his full-term release date of April 15, 2015.

Plaintiff next completed a self-initiated progress report. On July 21, 2005, Plaintiff's request for parole was denied. One of the reasons for the parole denial was that Plaintiff had failed to complete a sex offender treatment program. At the time he was sentenced, there was no requirement to attend such a program.

Defendants assert entitlement to summary judgment on Plaintiff's remaining claims presented in his Amended Complaint, which are as follows: (1)(a) that the requirement that he complete sex offender treatment violates the Ex Post Facto Clause of the federal and state Constitutions; (1)(b) that the parole hearing was not performed in accordance with due process requirements; (2)(a) that his federal due process rights were violated because his psychological evaluation was not performed by a licensed psychiatrist or psychologist; and (2)(b) that his rights under the state statute were violated because his psychological evaluation was not performed by a licensed psychiatrist or psychologist.

### C.     Discussion of Claim 1(a) Ex Post Facto Claim regarding Sex Offender Treatment

Plaintiff alleges that the addition of sex offender therapy as a condition to release on parole after the date of his conviction violates the Ex Post Facto Clause of Art. I, § 10

**MEMORANDUM ORDER  5**

of the federal Constitution and the corresponding provision of the Idaho Constitution.[1] Defendants assert that sex offender treatment is a Commission recommendation, not a mandatory requirement, but that it is "routinely recommended" for sex offenders. *See Affidavit of Olivia Craven*, at ¶ 5 (Docket No. 32-9). In either event -- whether it is a recommendation or a requirement -- Plaintiff's claim has no support in case law.

Article I, § 10, of the Constitution provides that "[n]o State shall . . . pass . . . any ex post facto Law." In *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997), inmates brought an Ex Post Facto Clause challenge to a Hawaii statute mandating sex offender treatment for all incarcerated sex offenders, regardless of the date of their offense. The Ninth Circuit noted that "[t]here can be no serious dispute that requiring an inmate who has been labeled a sex offender to complete [a sex offender treatment program] as a precondition to parole eligibility alters the inmate's parole qualifications." *Id*. at 825 n.5. However, the Ninth Circuit Court determined that the sex offender treatment program requirement was not punishment and did not "criminalize conduct legal before its enactment." *Id*. at 825.

The *Neal* Court found sufficiently analogous the United States Supreme Court's decision in *Kansas v. Hendricks*, 521 U.S. 346 (1997), where the Court held that such

---

[1] The Idaho "appellate courts have traditionally cited the [federal and state ex post facto] constitutional provisions together, without recognition of the possibility of a difference in scope or analysis." *State v. Gragg*, 137 P.3d 461, 462 (Idaho Ct. App. 2005). Therefore, resolution of the federal constitutional issues will necessarily resolve Plaintiff's grievances brought under the state constitution.

**MEMORANDUM ORDER  6**

mandatory treatment programs, including involuntary civil commitment, following an inmate's classification as a sexually violent predator did not violate the Ex Post Facto Clause, even though the treatment or commitment was based on conduct which occurred prior to the program's beginning. *Id*. at 826-27. The *Neal* Court reasoned: "If involuntary confinement in a 'treatment facility' for an indefinite period of time beyond the inmate's original sentence is not punishment, then it is certainly not punishment to deny an inmate eligibility for parole following his classification as a sex offender so that he can participate in a treatment program." *Id*. at 827.

Likewise, based on facts similar to those here, in *Johnson v. Johnson*, 2001 WL 881284 (D. Tex. 2001), the court rejected an Ex Post Facto Clause argument, explaining that mandatory sex offender therapy did not increase the inmate's punishment and did not "criminalize conduct that was legal before the subject policy became mandatory." *Id*. at *3 (footnote omitted). *See also Chambers v. Colorado Dep't of Corr*., 205 F.3d 1237 (10th Cir. 2000) (similar facts and holding).

Because there is no significant difference between Plaintiff's facts and the facts of the foregoing cases, the Court concludes that Plaintiff's claim is subject to denial as a matter of law. The recommendation or requirement by the Parole Commission that Plaintiff complete a sex offender treatment program prior to being eligible for parole does not violate the Ex Post Facto Clause of the federal or state Constitution. As a result, Defendants' Motion for Summary Judgment shall be granted on this claim.

**MEMORANDUM ORDER  7**

### D.      Discussion of Claim (1)(b): Plaintiff's Parole Hearing Was Not in Accordance with Due Process Requirements

The Court previously informed the parties that it appeared that there was no liberty interest in parole in Idaho, thus foreclosing Plaintiff's claims that he had not received due process at his parole hearings. The Court invited briefing on that issue, and the Court now revisits that issue to determine whether Plaintiff can proceed with his due process claims.

Many parole claims must be brought in habeas corpus actions rather than civil rights actions because the are requests for an immediate or speedier release into the community. *See Preiser v. Rodriguez*, 411 U.S. at 500, and *Heck v. Humphrey*, 512 U.S. at 486-87. In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the United States Supreme Court addressed the issue of whether an inmate could challenge a parole denial via § 1983 rather than habeas corpus. The Court determined that an inmate may initiate a § 1983 action to seek invalidation of "state procedures used to deny parole eligibility . . . and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community." 544 U.S. at 82. At most, an inmate can seek as a remedy "consideration of a new parole application" or "a new parole hearing," which may or may not result in an actual grant of parole. *Id.*

*Wilkinson v. Dotson* did not alter the fact that there is no federal constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). It remains the law that an inmate can bring a procedural due process challenge to

**MEMORANDUM ORDER  8**

a parole decision only where there is a state-created liberty interest in parole.  *See Board of Pardons v. Allen*, 482 U.S. 369, 380-81 (1987); *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006).  The *Wilkinson v. Dotson* case does not address or supersede the liberty interest analysis but merely identifies parole claims that are not barred by *Heck v. Humphrey*.  *See Clark v. Traughber*, 2006 WL 721475 (D. Tenn. 2006).[2]   Therefore, before an inmate may bring a due process claim arising from a parole denial, he must show that there is a state-created liberty interest in parole.[3]

---

[2]  The *Clark* court explained:
> As Tennessee prisoners have no liberty interest in release on parole, they cannot challenge the procedures used to deny parole (citations omitted).  The Supreme Court's decision in *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), does not alter this conclusion. The sole issue in *Wilkinson* was whether inmates were required to bring their challenges to the constitutionality of state parole procedures in habeas petitions or whether such claims were cognizable in actions pursuant to 42 U.S.C. § 1983. The Supreme Court held that state prisoners could bring challenges to state parole procedures under 42 U.S.C. § 1983. The Supreme Court did not have occasion to consider the merits of the plaintiffs' underlying claims and, in particular, the case did not concern whether any state's laws created a liberty interest in parole. The decision in *Wilkinson*, therefore, has not provided the plaintiff in this case with a viable claim.

2006 WL 721475, at *3.

[3]  The Court distinguishes a claim that there is a liberty interest in parole, such as Plaintiff's, from a claim that there is a liberty interest in not being classified a sex offender.  In *Neil v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997), the Ninth Circuit determined that a prisoner is entitled to adequate procedural due process to determine whether he fits the sex offender classification.  That is not at issue here, because Plaintiff has been convicted of a sex offense.
> In *Neal*, the Court concluded:
> An inmate who has been convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process. Prison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime.

*Id*. at 831.

**MEMORANDUM ORDER  9**

In *Banks v. State of Idaho*, 920 P.2d 905 (Idaho 1996), the Idaho Supreme Court addressed the liberty interest question. The court noted that the Idaho sentencing statute, I.C. § 19-2513, uses the nonmandatory words "[t]he offender may be considered for parole or discharge at any time during the indeterminate period of the sentence."[4] The *Banks* Court held that, as a result of the statute's language, in Idaho "parole is not an automatic right or liberty interest." *Id*. at 908. The *Banks* Court acknowledged the existence of I.C. § 20-223,[5] which governs parole commission decisions and contains the

---

[4] I.C. § 19-2513 provides:

Whenever any person is convicted of having committed a felony, the court shall, unless it shall commute the sentence, suspend or withhold judgment and sentence or grant probation, as provided in chapter 26, title 19, Idaho Code, or unless it shall impose the death sentence as provided by law, sentence such offender to the custody of the state board of correction. The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody. The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided, that the aggregate sentence shall not exceed the maximum provided by law. During a minimum term of confinement, the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service except as provided in section 20-223(f), Idaho Code. The offender may be considered for parole or discharge at any time during the indeterminate period of the sentence and as provided in section 20-223(f), Idaho Code.

[5] Idaho Code § 20-223(c) provides:

Before considering the parole of any prisoner, the commission shall afford the prisoner the opportunity to be interviewed by the commission, a commissioner or other designated commission staff. A designated report prepared by commission staff or a designated department of correction employee which is specifically to be used by the commission in making a parole determination shall be exempt from public disclosure; such reports contain information from the presentence investigation report, medical or psychological information, victim information, designated confidential witness information and criminal history information. A parole shall be ordered when, in the discretion of the commission, it is in the best interests of society, and the commission believes the prisoner is able and willing

**MEMORANDUM ORDER  10**

phrase "a parole shall be ordered when. . . ."  However, the court apparently did not find the statute's "shall" language controlling in the liberty interest analysis, although that section is nearly the same as the language deemed mandatory in *Greenholtz* and *Allen.* Rather, the Idaho Supreme Court relied on I.C. § 19-2513 – which governs sentencing – noting that it does not contain mandatory language, but instead states that "[t]he offender *may* be considered for parole or discharged at any time during the indeterminate part of the sentence."

All Idaho cases are in agreement that the parole statutes are not mandatory and that there is no liberty interest in parole in Idaho.  *See Dopp v. Idaho Com'n of Pardons and Parole*, 84 P.3d 593 (Idaho Ct. App. 2004); *Drennon v. Craven*, 105 P.3d 694, 696 (Idaho Ct. App. 2004); *Hays v. State*, 975 P.2d 1181 (Idaho Ct. App. 1999); *Vittone v. State*, 759 P.2d 909 (Idaho Ct. App. 1988).  In addition, in *Balla v. Idaho State Board of Correction*, 869 F.2d 461 (9th Cir. 1989), the Ninth Circuit noted that "§ 20-223 does not establish any entitlement to parole," and cited *Allen* and *Greenholtz* in comparison.[6]

---

      to fulfill the obligations of a law-abiding citizen. Such determination shall not be
      a reward of clemency and it shall not be considered to be a reduction of sentence
      or a pardon. The commission may also by its rules, policies or procedures fix the
      times and conditions under which any application denied may be reconsidered.
      No action may be maintained against the commission and/or any of its members
      in any court in connection with any decision taken by the commission to parole a
      prisoner and neither the commission nor its members shall be liable in any way
      for its action with respect thereto.

[6] In *Balla*, the Court stated:
Idaho conducts psychological examinations of sex offenders for parole purposes only. Section 20-223(b) requires that a sex offender submit to such an examination before being considered for parole. Idaho Code § 20-223(b). The

**MEMORANDUM ORDER  11**

In *Sass*, the Ninth Circuit Court noted the principle that "a State's highest court is the final judicial arbiter of the meaning of state statutes." 461 F.3d at 1127. As a result of the *Banks* decision, Plaintiff may not bring his due process claims, and Defendants are entitled to summary judgment.

Lastly, Plaintiff argues that there is an ex post factor violation because the parole statute in effect when he was sentenced in 1986 was different from the parole statute used to deny him parole in 2003 and 2005. The version of Idaho Code § 20-223 in effect in 1986 provided, in relevant part: "A parole shall be ordered only for the best interests of society, not as a reward of clemency and it shall not be considered to be a reduction of sentence or a pardon." 1985 Idaho Session Laws Ch. 122 § 6, p. 296, 302. The version of the statute analyzed in 1983 in *Izatt v. State*, 661 P.2d 763, 766 (1983), is substantively indistinguishable from the 1985 version: "A parole shall be ordered only for the best

---

Parole Commission (Commission) may require a similar examination, however, for any non-sex offender prisoner. *Id*. The Commission is only required to "duly consider" the evaluation. Thus, section 20-223 does not establish any entitlement to parole. *Gee*, 695 P.2d at 379 ("[Idaho Code] § 20-223 does not dictate that the Board of Corrections deny parole to any individual nor does it require that the Board follow the psychiatrist's recommendation, if any."); *Vittone v. State*, 114 Idaho 618, 759 P.2d 909, 910-11 (Ct.App.1988); *Izatt v. State*, 104 Idaho 597, 661 P.2d 763, 765-66 (1983) (*Izatt*). In Idaho, parole is a matter of grace. *Izatt*, 661 P.2d at 766. *Compare Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415, 2419-22, 96 L.Ed.2d 303 (1987) (Montana parole statute which uses mandatory language to create a presumption of release once certain conditions are met creates a liberty interest protectible under due process clause); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11-12, 99 S.Ct. 2100, 2105-06, 60 L.Ed.2d 668 (1979) (because it contains mandatory language, Nebraska parole statute creates "expectancy of release" which is a liberty interest implicating due process rights).

869 F.2d at 469-70.

**MEMORANDUM ORDER  12**

interests of society, not as a reward of clemency.  It shall not be considered to be a reduction of sentence or pardon." *Izatt*, 661 P.2d at 765 n.1.  In *Izatt*, the Idaho Supreme Court determined that I.C. § 20-223 created only the possibility of parole, not an entitlement to parole, which is a result no different from the *Banks* decision on the newer version of the statute.  *Id*. at 600.  Because I.C. § 20-223 has been consistently interpreted by the Idaho courts as nonmandatory throughout his incarceration, Plaintiff's punishment has not been increased, and the Ex Post Facto Clause has not been violated.

**E.     Discussion of Claim 2(a) that Plaintiff's Rights under the Due Process Clause Were Violated Because his Psychological Evaluation was not Performed by a Licensed Psychiatrist or Psychologist**

Plaintiff argues that his due process rights were violated because the mental health evaluation for his parole eligibility hearing was performed by a "clinician," or a master's degree level evaluator, rather than a licensed psychologist or psychiatrist.  Because Plaintiff has not shown that he has a liberty interest in parole, this claim is foreclosed.

**F.     Discussion of Claim (2)(b) that Plaintiff's Rights under the State Statute Were Violated Because his Psychological Evaluation was not Performed by a Licensed Psychiatrist or Psychologist**

Plaintiff alternatively argues that his state law rights under Idaho Code § 20-223 were violated because the mental health evaluations for his parole eligibility hearing were not performed by licensed psychologists or psychiatrists.  Plaintiff underwent a psychological evaluation on December 15, 1995.  It was performed by Jeff Lane, M.A., a "Psychologist Specialist" at ISCI and Kent L. Knighton, M.A., Ed. a "Psychologist Specialist" at ISCI.  *Amended Complaint*, Exhibit H (Docket No. 21).  On September 22,

**MEMORANDUM ORDER  13**

1997, a psychological evaluation was performed on Plaintiff by Vicki L. Hansen, M.Ed., a "Clinician/Staff Psychologist," at IMSI.  *Amended Complaint*, Exhibit I.  On December 20, 2002, Plaintiff had a psychological evaluation performed by Royce Creswell, M.Ed., a "Clinician," at the IMSI.  *Amended Complaint*, Exhibit J.

> Plaintiff relies on former Idaho Code § 20-223(b), which read:
>
> No person serving a sentence for rape, incest, committing a lewd act upon a child, crime against nature, or with an intent or an assault with intent to commit any of the said crimes or whose history and conduct indicate to the commission that he is a sexually dangerous person, shall be released on parole except upon the examination and evaluation of *one or more psychiatrists or psychologists* to be selected by the commission and such evaluation shall be duly considered by the commission in making its parole determination.

I.C. § 20-223(b) (1993) (emphasis added).  The statute was amended in July 2007 to read "examination of one (1) or more psychiatrists or psychologists *or mental health professionals* designated for this purpose by the department of correction to be selected by the commission."  Idaho Code § 20-223(b) (2007) (emphasis added).

Plaintiff's argument fails because it is not clear that the statute required a *licensed* psychologist as opposed to a mental health provider that is the substantial equivalent of a psychologist for purposes of performing the mental health evaluation.  Because the legislature addresses the licensing issue in other related statutes, it is clear that it understood what the word "licensed" meant, and it could have but did not include the word "licensed" in § 20-223.  *Cf*. Idaho Code § 54-2303 (exempting persons who work for the state from licensing, and not limiting licensed counselors or social workers from

**MEMORANDUM ORDER  14**

doing work of a psychological nature); *cf*. Idaho Code § 18-211 (for a competency determination in a criminal case, a qualified psychiatrist or licensed psychologist must be used).

Declining to address the issue of whether the statute required a license, the Idaho Court of Appeals recently determined that the statute relied upon by Petitioner was not intended to benefit parole candidates; therefore, the statute does not authorize a private cause of action for a parole candidate. *See Dopp v. Idaho Commission of Pardons and Parole*, 144 Idaho at 3, 162 P.3d at 785.   There, the Court reasoned:

> The statute plainly is not designed for the protection of prisoners. The evaluation of the potential parolee is not a therapeutic examination and is not prepared for the potential parolee's benefit. Rather, the examination is a psychological profile prepared for the edification of the Commission, which must determine whether a prisoner is "able and willing to fulfill the obligations of a law-abiding citizen" and whether his release is "in the best interests of society." I.C. § 20-223(c). Ultimately, the statute is designed to protect the public from sex offenders whose character or high likelihood of reoffense, as revealed by a psychological evaluation, suggests that they are not appropriate candidates for parole. Because a potential parolee is not among the class of persons that the statute is intended to benefit or protect, Dopp does not have a right to enforce any requirement, implied in the statute, that such evaluations be conducted only by licensed psychiatrists or psychologists. Dopp's habeas corpus petition therefore did not state a claim upon which relief could be granted, and the district court properly dismissed it.

*Id*., 144 Idaho at 4, 162 P.3d at 786.

For all of the foregoing reasons, Plaintiff Claim 2(b) fails to state a claim upon which relief can be granted and is subject to summary judgment.

**MEMORANDUM ORDER  15**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (Docket No. 32) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Augment the Record (Docket No. 41) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Strike (Docket No. 44) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Amend or Correct Amended Complaint (Docket No. 46) is GRANTED only to the extent set forth above.

DATED: **September 6, 2007**

_____
Honorable Edward J. Lodge
U. S. District Judge